```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/17/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARBOL INC.,

                 *Plaintiff,*

-v.-

HCC INSURANCE HOLDINGS, INC. AND
SCOTT KLEMM,

                 *Defendants.*

Case No.: 25-CV-01390 (AT)(SN)

**STIPULATION AND
PROTECTIVE ORDER**

       WHEREAS, Plaintiff Arbol Inc. ("Arbol") and Defendants HCC Insurance Holdings, Inc. ("HCC") and Scott Klemm ("Klemm") (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case;

       WHEREAS, the Parties, through counsel, agree to the following terms;

       WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

       WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

       WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

       IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives and employees, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

       1.     Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as

"Confidential" or "Attorney's Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. Any person or Party, including their counsel, producing any given Confidential Discovery Material ("Disclosing Person"), may designate such material as Confidential or Attorney's Eyes Only in whole or in part, only if done so reasonably and in good faith as necessary to protect the interests of the Disclosing Person in disclosing information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal, sensitive, or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the Disclosing Person to a third party. The fact that a Disclosing Person, however, has designated any Discovery Material as Confidential or Attorney's Eyes Only shall not be considered as an admission that this material is propriety, a trade secret, or confidential in the Parties' dispute. As agreed by the Parties:

(a) "Confidential" material includes, but is not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in herein, may subject the Disclosing Person to competitive or financial injury or potential legal liability to third parties.

(b) In addition, correspondence and other communications between the Parties or with nonparties may be designated as Confidential if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

(c) "Attorney's Eyes Only" material is limited to trade secrets, personnel files, personal information that is protected by law, and information that is believed to be unknown to the receiving Party or its employees. "Attorney's Eyes Only" material includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

(d) For the avoidance of doubt, information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential Discovery Material.

3. Except for deposition transcripts and exhibits, to designate Discovery Material or any portion thereof as Confidential Discovery Material, the Disclosing Person or counsel must designate such document or portion as "Confidential" or "Attorney's Eyes Only" by (a) stamping or otherwise clearly marking the document or the protected portion in a manner that will not interfere with legibility or audibility of the document; and (b) producing for future use in this litigation another copy of said Discovery Material with the confidential information redacted.

4. With respect to deposition transcripts and exhibits, during the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential, unless otherwise designated as "Attorney's Eyes Only." After this

30-day period, the Disclosing Person may designate such portion as Confidential or Attorney's Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential information or Attorney's Eyes Only information, in which case the court reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential" or "Attorney's Eyes Only" as appropriate; or (b) notifying the court reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Attorney's Eyes Only in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the Disclosing Person or by the court reporter.

5.  If at any time prior to the trial of this action, the Disclosing Person realizes that some portion(s) of Discovery Material or Confidential Discovery Material that it previously had produced without limitation, or without sufficient limitation, should be designated as Confidential or Attorney's Eyes Only, the Disclosing Person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Confidential Discovery Material will be deemed protected by that designation under the terms of this Protective Order.

6.  Except as may be done so by the Disclosing Person, Confidential Discovery Material designated as Confidential shall not be disclosed to any other person, except to:

    (a) The Parties to this action, their insurers, and counsel to their insurers, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (b) Counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    (c) Outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

    (d) Any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (e) As to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

    (f) Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such witness is disclosed to the opposing Party at least ten (10) business days before they review any Confidential Discovery Material and they are not, or preparing to be, a competitor to the opposing Party, and they have first executed a Non-

    Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)  Any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by a Party's counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)  Stenographers engaged to transcribe depositions conducted in this action; and

(i)  The Court, including any appellate court, and the court reporters and support personnel for the same.

7.  Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(f), or 6(g) above, such person shall be provided by a Party's counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. The Party's counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8.  Except with the prior consent of the Disclosing Person or upon prior order of a court of competent jurisdiction, Confidential Discovery Material designated as "Attorneys' Eyes Only" shall not be disclosed directly or indirectly by the person receiving such material to persons other than the following qualified persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action, as follows:

(a)  The Court, persons employed by the Court, the jury, and stenographers transcribing and videographers recording the testimony or argument at a hearing, trial, or deposition;

(b)  Any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(c)  Counsel for the Parties, including in-house counsel and retained outside counsel of record for the Parties, as well as associates, legal assistants, paralegals, secretarial and clerical employees and outside copy services, litigation consulting services, document management services, and graphics services that are assisting such counsel;

(d)  The author or anyone who receives Attorney's Eyes Only designated Confidential Discovery Material pursuant to this Paragraph 8, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)  Any person who is testifying as a corporate representative for a Party who, as among the Parties, was the original owner or controller of the Attorneys' Eyes Only designated Confidential Discovery Material at issue, provided that the person has been designated as a corporate representative on a topic

      related to the Attorneys' Eyes Only designated Confidential Discovery Material at issue; and

  (f) Experts and consultants retained, employed, or informally consulted by outside counsel, including their secretarial and clerical employees; provided, however, that no Party can designate an expert or consultant to review Attorneys' Eyes Only designated Confidential Discovery Material subject to this section who is working for or discussing employment or an independent contractor relationship with a Party (including, for this subparagraph only, any current or anticipated competitors to a Party) or within the preceding five (5) years has worked for (as an employee or independent subcontractor) that Party, any entity that has, directly or indirectly, a financial ownership interest in that Party, or others having a partnership or joint venture relationship with that Party.

  9. Prior to any disclosure of any Attorney's Eyes Only Discovery Material to any person referred to in subparagraphs 8(b) and 8(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

  10. Any Party who objects to any designation of Confidential or Attorney's Eyes Only may at any time prior to the trial of this action serve upon counsel for the Disclosing Person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph II(D) of the Court's Individual Practices in Civil Cases.

  11. Recipients of Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

  12. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory legal or regulatory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request, will provide written notice to the Disclosing Person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Disclosing Person will have the right to oppose

compliance with the subpoena, other compulsory process, or other legal notice if the Disclosing Person deems it appropriate to do so.

13. All persons seeking to file redacted documents (except on the basis of the attorney-client or other applicable privilege) or documents under seal with the Court shall follow Rule IV(A) of this Court's Individual Practices in Civil Cases. Except for those filings not requiring Court approval pursuant to Rule IV(A)(i) of this Court's Individual Practices in Civil Cases, no person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

14. All persons are hereby placed on notice that the Court is unlikely, without compelling reason, to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment.

15. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

16. Each person who has access to Confidential Discovery Material (*i.e.*, designated as Confidential or Attorney's Eyes Only) shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If any Confidential Discovery Material is inadvertently disclosed by a receiving Party, such Party must promptly, but within no less than three (3) business days, notify the Disclosing Person of such Confidential Discovery Material of the disclosure and coordinate a reasonable and appropriate remediation.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

18. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

19. Upon good cause shown, and upon notice to all Parties, any Party may move to amend the provisions of this Protective Order at any time. No amendment to this Protective Order

may be made absent Court order.

SO STIPULATED AND AGREED.

| | |
|---|---|
| **Leonid Grinberg** <br> Arbol Inc. <br> 445 Park Avenue, 10th Floor <br> New York, NY 10022 <br> Telephone: (225) 230-8749 <br> Email: leonid.grinberg@arbol.io <br> *Attorney for Plaintiff* | **BakerHostetler LLP** <br> Mark Temple (admitted pro hac vice) <br> 811 Main Street, Suite 1100 <br> Houston, TX 77002 <br> Telephone: (713) 751-1600 <br> E-mail: mtemple@bakerlaw.com <br> *Attorney for Defendants* |
| /s/ *Leonid Grinberg* <br> Leonid Grinberg | /s/ *Mark Temple* <br> Mark Temple |
| Dated: June 16, 2025 | Dated: June 16, 2025 |

Dated June 17, 2025

New York, New York

SO ORDERED:

_____
HON. ANALISA TORRES

United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARBOL INC., <br><br> *Plaintiff,* <br><br> -v.- <br><br> HCC INSURANCE HOLDINGS, INC. AND SCOTT KLEMM, <br><br> *Defendants.* | Case No.: 25-CV-01390 (AT)(SN) <br><br> **FORM OF NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____  _____