UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ARBOL INC.,

                             **Plaintiff,**

              -against-

HCC INSURANCE HOLDINGS, INC. and
SCOTT KLEMM,

                            **Defendants.**

------------------------------------------------------------------X

25-CV-01390 (AT)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On December 16, 2025, the parties filed status letters updating the Court on the progress of discovery. ECF Nos. 90, 91. In their letters, the parties indicated that they are at an impasse regarding Defendants' document requests relating to Plaintiff's valuation. Defendants suggest that Plaintiff has "refus[ed] to search for and produce" responsive discovery. ECF No. 91 at 2. Plaintiff, however, indicates that it has offered to produce "documents showing the loss of revenue (*e.g.*, revenue projections and audited financial statements) and documents showing the price of transactions for company shares (*e.g.*, the most recent fund-raising and stock option agreements)," as well as "valuation reports . . . prepared by its investment advisors in anticipation of Arbol's next round (Series C) fundraising." ECF No. 90 at 2; <u>see also</u> ECF No. 65 at 11 (offering to produce various responsive materials, including the Series B Preferred Stock Purchase Agreement, revenue projections, valuations adopted by the Plaintiff's board, and its audited financial statements).

The Court finds that Plaintiff's proposed production is a sufficient starting point to assess its valuation. Accordingly, to the extent that Plaintiff has not yet produced the materials it

2

previously agreed to produce, Plaintiff is ORDERED to produce these responsive materials to

Defendants by no later than Friday, January 2, 2026. Moreover, these relevant materials should

be produced for the two years before the alleged "Solicited Employees' departure," and thus

should include the Series B fundraising. This will allow Defendants to assess any change in

valuation.

Further, to the extent Defendants still request to look at other potential areas that might

have affected Plaintiff's valuation, Defendants must narrow their discovery demands rather than

seek broadly other "potential factors" that might have impacted Plaintiff's valuation.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:      December 22, 2025
            New York, New York

2